# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

THE PEOPLE *ex rel.* Hayes Colvin, County Collector, Appellee, *vs.* JOHN W. BOYD, Appellant.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. DRAINAGE—*objections not presented in county court cannot be considered.* Objections not presented for determination in the county court on application for judgment and order of sale for a delinquent drainage assessment cannot be urged in the Supreme Court on appeal.

2. SAME—*when organization of a district cannot be questioned on application for judgment.* The legality of the organization of a drainage district cannot be questioned upon application for judgment and order of sale for a delinquent assessment, where the district has been an active, going concern for nearly thirty years and has made extensive improvements and expended large sums of money collected by special assessment upon lands of the district, including those of the objector, who has been one of the commissioners and has acquiesced in all that was done until the levy of the last assessment.

3. SAME—*alleged diversion of surplus is not ground for objection to application for judgment.* An alleged diversion to other purposes of the surplus of a special assessment levied to widen the main ditch of the district cannot be made the basis for an objection to an application for judgment and order of sale for the delinquent assessment, as the Levee act affords a remedy to land owners in case of a diversion of funds by the commissioners.

APPEAL from the County Court of Pike county; the Hon. PAUL F. GROTE, Judge, presiding.

WILLIAM MUMFORD, and ANDERSON & MATTHEWS, for appellant.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On application of the county treasurer of Pike county the county court entered judgment and an order of sale against the land of appellant for delinquent annual and special drainage assessments of the Boyd Levee and Drainage District. In 1909 a special assessment was confirmed against the lands within the Boyd district for the purpose of widening and deepening the main Boyd ditch. The contract was let and the work done according to the plans and specifications at a price much below the estimated cost, leaving several hundred dollars of a surplus in the hands of the commissioners. Of this surplus $775.50 was used for the cleaning out of a lateral known as the Brown ditch,— work which was not contemplated by or specified in the petition asking for the special assessment. In the county court appellant filed five objections to the application for judgment and order of sale, viz.: (1) That each of the annual and special assessments is void and not sufficient as a basis for judgment; (2) that the assessments are void for the reason that the lands are within the limits of the Sny Island Levee Drainage District and subject to assessment therein; (3) that the Boyd district was attempted to be organized after the Sny Island district was in operation and when that district had complete jurisdiction of all the lands within its limits for drainage purposes; (4) that the assessments are in other respects informal, insufficient and illegal; (5) that the assessments were wrongfully diverted

from the uses for which they were made and the assets applied to other and unauthorized purposes. These objections were overruled and judgment and order of sale entered. From that judgment this appeal has been perfected.

The Sny Island Levee Drainage District was organized in 1880 under the Levee act. In 1883 the Boyd Levee and Drainage District was also organized under the same act and included land lying both within and without the limits of the Sny Island district. Ever since that time the Boyd district has been an acting, going organization. The lands of appellant, Boyd, involved in this appeal, lie wholly within that part of the Boyd district which lies within the Sny Island district.

Appellant urges five grounds for reversal: (1) That all orders in the proceedings purporting to include the land of appellant within the Boyd district are void for want of jurisdiction; (2) that the commissioners wrongfully diverted $775.50 of the assessment; (3) that the work on the Brown ditch required the expenditure of more than $500, and as the contract for said work was let without public advertisement or notice it was done in violation of law and is not a sufficient basis to support the application for judgment; (4) sixty acres of the tract in controversy are not within the Boyd district and were not subject to assessment therein; (5) there is no valid order for the special assessment appearing of record.

The third, fourth and fifth points relied upon for reversal were not made the bases for objections in the county court and were not presented to the county court for its consideration and determination. These questions cannot now be presented for our consideration. In reviewing the judgment of the county court we can pass only upon such matters as were presented to that court for adjudication.

Under his first point appellant contends that the county court was wholly without jurisdiction to enter an order including within the Boyd district any part of the lands

already within the Sny Island district, and that the order organizing the Boyd district is void for all purposes and may be attacked either directly or collaterally. While counsel take this position and insist upon the right to attack the existence of the Boyd district collaterally, they also insist that they are not attacking the organization of the Boyd district but are simply attacking the right of the district to impose an assessment against lands of appellant. This seems to be a distinction without a difference, as appellant contends, in order to show that his lands are not liable to assessment, that the Boyd district is not legally organized. Whether or not the Boyd district is a *de jure* or a *de facto* corporation, it is an active going concern, which had been exercising all the rights given a drainage district under the statute for a period of twenty-eight years before this action arose. What obligations it may have incurred during this time does not appear and could not be shown in this proceeding. It does appear from the proof that since the alleged organization of the district, in 1883, extensive improvements have been made and large sums of money have been collected from the land owners and expended. Appellant himself acquiesced in everything that had been done until the said sixty acres were assessed, and for a long time was one of the commissioners of the district. Under such a state of facts and the conditions which might be found to exist, an application for leave to file an information in the nature of *quo warranto* might, in the discretion of the court, be denied, although it should be apparent that the county court was without jurisdiction to enter the order organizing the district. Under the facts as disclosed by this record appellant will not now be permitted to inquire into the legality of the organization of the district in this collateral proceeding. As his remedy, if any, is by a direct proceeding by *quo warranto*, the objections based upon this ground were properly overruled.

The only remaining question to be determined is whether the court erred in overruling the objection that the funds arising from the assessment were wrongfully diverted. The assessment was made for the purpose of enlarging and improving the main Boyd ditch and plans and specifications were submitted at the time the application was made. The work on this ditch was let by contract, and no complaint is made that it was not done strictly according to the plans and specifications submitted. No irregularity in the letting of the contract is complained of. The original work for which the assessment was made having been completed as proposed and authorized, appellant cannot avoid the payment of the assessment upon the ground that a portion of the surplus was diverted by the commissioners and used for the prosecution of work not authorized. The disposition of the surplus of the assessment cannot be inquired into or determined on an application for judgment and order of sale. If the commissioners have misappropriated any of the funds in their hands the statute gives appellant an ample remedy. By section 41 of the Levee act the commissioners are required to make an annual report to the court showing the amount of money collected by them and the manner in which the same has been expended. Notice is required to be given the land owners in the district of the filing of such report and an opportunity presented for making objections to the same. These objections are heard and passed upon by the court, and the land owners of the drainage district are thus afforded an opportunity to prevent the misappropriation or wrongful expenditure of any of the funds of the district. This objection was also properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*